[No. G012885. Fourth Dist., Div. Three. Apr. 1, 1993.]

In re QUEEN T., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
QUEEN T., Defendant and Appellant.

COUNSEL

Stephen Gilbert, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Keith I. Motley and Patti Ranger, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

SONENSHINE, J.—Queen T. (minor) was found in violation of Vehicle Code[1] section 23153, subdivision (a), driving under the influence of alcohol and causing injury, and an allegation she inflicted great bodily injury was found true. The issue presented on this appeal is whether steering a vehicle, without controlling the accelerator or brakes, constitutes "driving." We hold that it does.

I

At approximately midnight on November 20, 1991, the minor and her friend Alma Sanchez were passengers in a car owned by Alfonso Rivas's father. Rivas was sitting in the driver's seat and the minor was in the front passenger seat. Rivas agreed to drive Sanchez home, but did not know where she lived. Accordingly, the minor agreed to steer the car while Rivas operated the accelerator and brakes.

---

[1] All statutory references are to the Vehicle Code.

As they headed northbound on Lincoln Street in Santa Ana, approaching Catalina Street, the minor saw a motorcycle heading toward them. Believing she could execute a left turn safely, she began the turn onto Catalina. She then realized she could not make the turn in time, and could not avoid a collision. The two young men on the motorcycle survived, but one suffered injury to his brain stem, and additionally sustained a broken arm and a broken clavicle. The second sustained injuries requiring a traction pin and a cast.

Minor and Rivas displayed signs of intoxication, and she admitted to drinking two beers at a park.

## II

Minor contends she was not driving the car, within the meaning of section 23153, subdivision (a), because she was only steering it and was not "controlling a vehicle while in motion." (*People* v. *Hernandez* (1990) 219 Cal.App.3d 1177, 1183 [269 Cal.Rptr. 21].) She claims it was Rivas who actually was in control of the vehicle because he "was in the driver's seat. He had control of the accelerator and brakes, he could start or stop the car at will . . . and was in a position to overrule any action taken by [minor]."

Section 305 provides: "A 'driver' is a person who drives or is in actual physical control of a vehicle." "Courts in other states with statutes similar to California's drunk driving statutes have defined 'driving' as steering and controlling a vehicle while in motion [citation], allowing a vehicle to coast without using the engine [citation], and being in actual physical control of the vehicle even though it may not be moving [citation]." (*People* v. *Hernandez, supra,* 219 Cal.App.3d at p. 1183.)

Pursuant to these authorities, a vehicle may be "driven" even though the engine is not in use. Minor's act of steering the car, although she was not operating the accelerator or brakes, renders her a "driver" within the meaning of sections 305 and 23153.[2] Indeed, apart from theoretical considerations, it was minor's decision to negotiate a left turn that placed the vehicle in the path of the oncoming motorcycle. Thus, she was quite literally in control of the vehicle at the time the motorcycle's right of way was violated.

---

We do not mean to imply that she was the *only* driver or that Rivas is not also culpable for his part in this childish, moronic stunt. That question is not before us.

The judgment is affirmed.

Wallin, Acting P. J., and Crosby, J., concurred.