[No. G021783. Fourth Dist., Div. Three. Nov. 22, 1999.]

THE PEOPLE, Plaintiff and Respondent, v.
STEVEN WAYNE ARNDT, Defendant and Appellant.

## COUNSEL

Jerry D. Whatley, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren and Bill Lockyer, Attorneys General, George Williamson and David P. Druliner, Chief Assistant Attorneys General, Gary W. Schons, Assistant Attorney General, Jeffrey J. Koch and Garrett Beaumont, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**RYLAARSDAM, J.**—A jury convicted defendant Steven Wayne Arndt of felony driving while under the influence of a drug (Veh. Code, § 23153, subd. (a)) and transporting cocaine (Health & Saf. Code, § 11352, subd. (a)). On the first count, the jury also found defendant caused bodily injury to

more than one victim (Veh. Code, § 23182; hereafter section 23182), and inflicted great bodily injury on three victims, one of whom became comatose due to a brain injury (Pen. Code, § 12022.7, subds. (a) & (b); hereafter section 12022.7). The trial court sentenced defendant to a seventeen-year, four-month prison term, consisting of the three-year aggravated term on count one, two 1-year enhancements under section 23182 for two of the victims, a five-year enhancement under section 12022.7, subdivision (b) for the victim suffering a brain injury, two 3-year enhancements under section 12022.7, subdivision (a) for the other two victims, and a consecutive one-year, four-month sentence on count two.

Defendant attacks the sentence on several grounds. He ·contends only section 23182's enhancement applies in this case. In addition, he claims Penal Code section 654 (hereafter section 654) bars multiple use of the injury enhancements, and prohibits sentencing on both count one and count two. Finally, defendant asserts Penal Code section 1170.1 limits the number of injury enhancements the court can impose. We stay the enhancements imposed under section 23182, but otherwise affirm the judgment.

FACTS

While under the influence of cocaine, defendant drove his car recklessly, at times reaching 100 miles per hour. He failed to stop for a red light and collided with a vehicle occupied by Vicki Schwartz, her son Ryan, and her daughter Natalie. Vicki sustained injuries to several organs, requiring surgery and several weeks of hospitalization. Natalie suffered severe lacerations to her arm and face, and required plastic surgery. Ryan remained in a coma for several weeks and is seriously brain damaged.

The police discovered drug paraphernalia in defendant's car. After medical personnel transported him to a hospital, a bag of cocaine was found in his pants.

DISCUSSION

1. *Special Statute Versus General Statute*

■ Defendant claims Vehicle Code section 23182 preempts the application of Penal Code section 12022.7 in this case because it is a special statute covering the same subject matter. (See *People* v. *Coronado* (1995) 12 Cal.4th 145, 153-154 [48 Cal.Rptr.2d 77, 906 P.2d 1232]; *People* v. *Watson* (1981) 30 Cal.3d 290, 295-297 [179 Cal.Rptr. 43, 637 P.2d 279].) We disagree.

The doctrine which declares a special statute controls over a general statute has been applied to enhancements. (*People* v. *Coronado, supra,* 12

Cal.4th at pp. 153-154.) But "[t]he rule does not apply . . . unless 'each element of the "general" statute corresponds to an element on the face of the "specific" [*sic*] statute' or 'it appears from the entire context that a violation of the "special" statute will necessarily or commonly result in a violation of the "general" statute.' [Citations.]" (*Id.* at p. 154.)

Section 12022.7, subdivision (a) imposes a three-year enhancement on "[a]ny person who personally inflicts great bodily injury on any person other than an accomplice in the commission . . . of a felony . . . ." Subdivision (b) increases the additional term to five years where the defendant "causes the victim to become comatose due to brain injury or to suffer paralysis . . . ." Under section 23182, "[a]ny person who proximately causes bodily injury or death to more than one victim in any one instance of driving in violation of Section 23153 of this code or in violation of Section 191.5 or paragraph (3) of subdivision (c) of Section 192 of the Penal Code, shall upon a felony conviction, receive an enhancement of one year in the state prison for each additional injured victim. . . ."

The elements of section 12022.7 do not correspond to section 23182. Section 12022.7 applies when a defendant inflicts "great bodily injury on any person other than an accomplice." (§ 12022.7, subd. (a).) Section 23182 applies where a defendant inflicts "bodily injury or death" on "more than one victim," and the enhancement is imposed only for "each additional injured victim." Section 12022.7 defines great bodily injury as "a significant or substantial physical injury." (§ 12022.7, subd. (e).) Under Vehicle Code section 23153, "bodily injury" requires only proof of " 'harm or hurt to the body.' " (*People* v. *Dakin* (1988) 200 Cal.App.3d 1026, 1035-1036 [248 Cal.Rptr. 206] [two cuts on the forehead, a severe headache and stiff neck]; see also *People* v. *Lares* (1968) 261 Cal.App.2d 657, 662 [68 Cal.Rptr. 144] [acute back strain].)

The conduct triggering the application of Vehicle Code section 23182 will not necessarily result in the application of section Penal Code 12022.7. Section 23182 applies to vehicular or watercraft offenses involving driving while under the influence of alcohol or drugs that result in multiple injuries or deaths, including certain forms of manslaughter. (See Pen. Code, §§ 191.5, 192, subd. (c)(3).) Section 12022.7 applies to great bodily injury inflicted on any person other than an accomplice during a felony or at-tempted felony, but is expressly inapplicable in manslaughter cases. (§ 12022.7, subds. (a) & (f).)

Defendant suggests that, since section 23182 was enacted after section 12022.7, it should be construed as an exception to the latter statute. But section 23182's legislative history belies this argument. The Legislature

enacted the statute in response to *Wilkoff* v. *Superior Court* (1985) 38 Cal.3d 345 [211 Cal.Rptr. 742, 696 P.2d 134] which held the state may charge a drunk driver who injures several persons in a single car accident with only one count each of felony drunk driving and driving with an excessive blood-alcohol level resulting in injury. (See *People* v. *McFarland* (1989) 47 Cal.3d 798, 805 [254 Cal.Rptr. 331, 765 P.2d 493].) Thus, section 23182's purpose is to increase the potential punishment available in certain cases where an alcohol- or drug-impaired individual operating a vehicle or water-craft causes an accident which results in multiple injuries, not to limit the use of another otherwise applicable enhancement.

Defendant's reliance on the principle that a special statute controls over a general statute is unavailing in this case. As defendant concedes, since we reject his argument on this issue, the trial court also properly limited his presentence custody conduct credits to 15 percent. (See Pen. Code, §§ 667.5, subd. (c)(8), 2933.1, subd. (a).)

## 2. *Section 654*

■ In part, section 654 declares, "[a]n act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provi-sion." (§ 654, subd. (a).) The statute applies to a course of conduct violating more than one statute if the offenses were incident to one objective. (*People* v. *Avalos* (1996) 47 Cal.App.4th 1569, 1583 [55 Cal.Rptr.2d 450].)

Defendant argues the trial court violated section 654 by (1) imposing multiple section 12022.7 enhancements, (2) imposing both the section 12022.7 and the section 23182 enhancements for the same injury on two victims, and (3) imposing sentence on both count one and count two. The Attorney General claims section 654 does not apply to enhancements, and since the evidence supports a finding defendant harbored more than one criminal objective, the trial court properly sentenced him on each count.

### a. *Section 654's Application to Enhancements*

■ The first question is whether section 654 applies to enhancements. The Courts of Appeal are divided on this issue.

Some decisions have held section 654 "is inapplicable to enhancements, because they individually ' " 'do not define a crime or offense but relate to the penalty to be imposed under certain circumstances.' " ' [Citations.]"

(*People* v. *Boerner* (1981) 120 Cal.App.3d 506, 511 [174 Cal.Rptr. 629]; see also *People* v. *Rodriguez* (1988) 206 Cal.App.3d 517, 519 [253 Cal.Rptr. 633]; *People* v. *Warinner* (1988) 200 Cal.App.3d 1352, 1355 [247 Cal.Rptr. 197]; *People* v. *Parrish* (1985) 170 Cal.App.3d 336, 344 [217 Cal.Rptr. 700]; *People* v. *Stiltner* (1982) 132 Cal.App.3d 216, 229 [182 Cal.Rptr. 790].) In *People* v. *Le* (1984) 154 Cal.App.3d 1 [200 Cal.Rptr. 839], this division approved of *Boerner*'s holding in a footnote. (*Id.* at p. 12, fn. 11.) Other decisions hold section 654 applies to enhancements, reasoning the statute "proscribes multiple punishment for the same act" (*People* v. *Moringlane* (1982) 127 Cal.App.3d 811, 817 [179 Cal.Rptr. 726], disapproved on another point in *People* v. *Jones* (1991) 53 Cal.3d 1115, 1144-1145 [282 Cal.Rptr. 465, 811 P.2d 757]) "regardless if those violations are defined as offenses or enhancements [citation]." (*People* v. *Dobson* (1988) 205 Cal.App.3d 496, 501 [252 Cal.Rptr. 423]; see also *People* v. *Price* (1992) 4 Cal.App.4th 1272, 1277 [6 Cal.Rptr.2d 263]; *People* v. *Vaughn* (1989) 209 Cal.App.3d 398, 400 [257 Cal.Rptr. 229]; *People* v. *Barker* (1986) 182 Cal.App.3d 921, 941-942 [227 Cal.Rptr. 578].)

While recognizing this split of authority, the Supreme Court has not yet resolved it. (See *People* v. *Coronado, supra,* 12 Cal.4th at p. 157; *People* v. *Jones* (1993) 5 Cal.4th 1142, 1152 [22 Cal.Rptr.2d 753, 857 P.2d 1163]; see also *People* v. *Myers* (1997) 59 Cal.App.4th 1523, 1529-1530 [69 Cal.Rptr.2d 889].) However, the court's analysis of this issue in *People* v. *Coronado, supra,* 12 Cal.4th 145, suggests the applicability of section 654 depends on the nature of the enhancement at issue.

*Coronado* held section 654 did not bar the use of a single prior felony drunk-driving conviction and resulting prison term to both elevate the defendant's current drunk-driving conviction to a felony under Vehicle Code section 23175 *and* to enhance his sentence under Penal Code section 667.5. "[P]rior prison term enhancements are attributable to the defendant's status as a repeat offender [citations]; they are not attributable to the underlying criminal conduct which gave rise to the defendant's prior and current convictions. Because the repeat offender (recidivist) enhancement imposed here does not implicate multiple punishment of an act or omission, section 654 is inapplicable." (*People* v. *Coronado, supra,* 12 Cal.4th at p. 158.) In reaching this result, the Supreme Court distinguished between "sentence enhancements . . . which go to the nature of the offender," such as Penal Code section 667.5, "and . . . those which go to the nature of the offense" which it found "exemplified by . . . section[] . . . 12022.7." (12 Cal.4th at pp. 156-157, fn. omitted.)

Applying *Coronado*'s approach, we conclude Penal Code section 654 applies to the bodily injury enhancements at issue in this case. Section 654

concerns the offender's criminal conduct. As *Coronado* noted, Penal Code section 12022.7 "focus[es] on what the defendant did when the current offense was committed." (*People* v. *Coronado, supra,* 12 Cal.4th at p. 157.) The same is also true for Vehicle Code section 23182.

b. *Multiple Great Bodily Injury Enhancements*

■ Defendant argues section 654 prohibits imposing more than one enhancement under section 12022.7. We disagree.

The "cases which do apply . . . section 654 to enhancements have limited the number of enhancements applied to a single conviction, when there was a single act committed against a single victim." (*People* v. *Myers, supra,* 59 Cal.App.4th at p. 1530; see also *People* v. *Akins* (1997) 56 Cal.App.4th 331, 338 [65 Cal.Rptr.2d 338].) "[V]iolent conduct that injures several persons . . . may be separately punished . . . notwithstanding section 654." (*People* v. *Champion* (1995) 9 Cal.4th 879, 934 [39 Cal.Rptr.2d 547, 891 P.2d 93]; see also *Neal* v. *State of California* (1960) 55 Cal.2d 11, 20 [9 Cal.Rptr. 607, 357 P.2d 839].) Defendant drove in a manner which inflicted great bodily injury on others. Undoubtedly it constituted a violent crime (Pen. Code, § 667.5, subd. (c)(8)), and resulted in serious injury to three persons.

Defendant asserts *Wilkoff* v. *Superior Court, supra,* 38 Cal.3d 345 precludes the use of the multiple injury exception in a felony driving-while-under-the-influence case. This argument misstates the holding in *Wilkoff*. In that case, the prosecution cited section 654's multiple injury exception to support its claim that multiple drunk driving charges may arise from one accident which results in several injuries. (38 Cal.3d at pp. 350-351.) The Supreme Court rejected this theory noting, ". . . the act prohibited by section 23153 is defined in terms of an act of driving: the driving of a vehicle while intoxicated and, when so driving, violating any law relating to the driving of a vehicle. The actus reus of the offense does not include causing bodily injury. Rather, where bodily injury *proximately results* from the prohibited act, the offense is elevated from a misdemeanor to a felony. [¶] Defendants are not chargeable with a greater number of offenses simply because the injuries proximately caused by their single offense are greater. Rather, the Legislature may provide for increased *punishment* for an offense that has more serious consequences by, for instance, . . . adding enhancements . . . ." (*Id.* at p. 352; see also *People* v. *McFarland, supra,* 47 Cal.3d at p. 803.)

Unlike *Wilkoff*, which considered the number of offenses that can be charged for a single act of driving while under the influence causing multiple

injuries, this case concerns the number of enhancements which may be imposed in such a circumstance. *Wilkoff* limited the number of chargeable offenses, but recognized enhancements could be used to increase the punishment where a single act injures more than one person.

c.  *The Section 23182 Enhancements*

█  The trial court imposed a five-year enhancement for Ryan's injuries and a three-year enhancement for Natalie's injuries under section 12022.7. In addition, the court imposed two 1-year enhancements for their injuries under section 23182. Defendant claims section 654 bars use of both enhancements for the injuries suffered by Ryan and Natalie. This contention has merit.

As noted, the cases limiting the use of enhancements under Penal Code section 654 involve crimes where a single act is committed against a single victim. (*People* v. *Myers, supra,* 59 Cal.App.4th at p. 1530; see also *People* v. *Akins, supra,* 56 Cal.App.4th at p. 338.) The trial court employed the same injury to impose enhancements for great bodily injury on all three victims under Penal Code section 12022.7, and also to impose two additional one-year terms for the injuries suffered by Natalie and Ryan Schwartz under Vehicle Code section 23182. Thus, the court erroneously employed the single injury suffered by each of the children to impose two injury-related enhancements. (See *People* v. *Moringlane, supra,* 127 Cal.App.3d at p. 817.) Under section 654, only one of the enhancements can be applied.

d.  *Consecutive Sentencing*

█  Finally, defendant claims section 654 precluded the imposition of consecutive sentences for felony driving under the influence and transporting cocaine because each crime assertedly arose from a single act and was incidental to the other.

This argument is without merit. The question of whether a defendant held multiple criminal objectives presents a question of fact, and an appellate court reviews the trial court's finding on this issue under the substantial evidence test. (*People* v. *Osband* (1996) 13 Cal.4th 622, 730 [55 Cal.Rptr.2d 26, 919 P.2d 640]; *People* v. *Monarrez* (1998) 66 Cal.App.4th 710, 713 [78 Cal.Rptr.2d 247]; *People* v. *Avalos, supra,* 47 Cal.App.4th at p. 1583.)

Defendant's crimes involved not only separate objectives, but separate acts as well. Vehicle Code section 23153, subdivision (a) is violated when a person steers or controls a vehicle while it is in motion, and while doing so,

either commits a legally forbidden act or neglects a duty imposed by law. (*In re Queen T.* (1993) 14 Cal.App.4th 1143, 1145 [17 Cal.Rptr.2d 922]; *People v. Hernandez* (1990) 219 Cal.App.3d 1177, 1183-1184 [269 Cal.Rptr. 21].) Transporting a controlled substance in violation of Health and Safety Code section 11352, subdivision (a) occurs when a person moves contraband from one place to another. (*People v. Cortez* (1985) 166 Cal.App.3d 994, 998-999 [212 Cal.Rptr. 692].) Witnesses testified they observed defendant driving his car for two to three miles over a period of several minutes before colliding with the Schwartzes' vehicle. His excessive speed and failure to stop for a red light resulted in the collision. During this entire time, he was carrying the cocaine subsequently found by the police.

Furthermore, section 654 is intended to ensure the punishment imposed corresponds to the defendant's criminal culpability. (*People v. Latimer* (1993) 5 Cal.4th 1203, 1211 [23 Cal.Rptr.2d 144, 858 P.2d 611]; *People v. Kwok* (1998) 63 Cal.App.4th 1236, 1252 [75 Cal.Rptr.2d 40].) Each of the crimes committed in this case violates a different legislative ban. Vehicle Code section 23153 is intended to reduce highway deaths and injuries and impose greater punishment on those who concurrently commit an unlawful act or neglect a legal duty while driving under the influence of alcohol or drugs. (*People v. Weems* (1997) 54 Cal.App.4th 854, 860 [62 Cal.Rptr.2d 903].) Health and Safety Code section 11352 is intended to inhibit the trafficking and proliferation of controlled substances by deterring their movement. (*People v. Cortez, supra,* 166 Cal.App.3d at pp. 1000-1001.) Punishing only one crime would not satisfy these separate objectives. (See *People v. McGuire* (1993) 14 Cal.App.4th 687, 698 [18 Cal.Rptr.2d 12]; *People v. Davalos* (1987) 192 Cal.App.3d Supp. 10, 14 [238 Cal.Rptr. 50].) Thus, the trial court did not violate section 654 by imposing sentence on both counts.

### 3. *Penal Code Section 1170.1*

█ Defendant alternatively suggests Penal Code section 1170.1 bars the imposition of the three section 12022.7 enhancements in this case.

First, defendant cites the statute's former subdivision (e) to support his argument. At the time of his sentencing, Penal Code section 1170.1, subdivision (e) provided, "[w]hen two or more enhancements under Sections 12022, 12022.4, 12022.5, 12022.55, 12022.7, and 12022.9 may be imposed for any single offense, only the greatest enhancement shall apply." (Former Pen. Code, § 1170.1, subd. (e), repealed by Stats. 1997, ch. 750, § 3.)

Second, defendant cites the 1997 amendment to Penal Code section 1170.1, which added subdivision (g). It declares, "[w]hen two or more

enhancements may be imposed for the infliction of great bodily injury in the commission of a single offense, only the greatest of those enhancements shall be imposed for that offense. . . ." (See Stats. 1997, ch. 750, § 3.) This amendment became effective after defendant's conviction. But a defendant is generally entitled to the benefit of a statutory amendment mitigating punishment which is enacted before the judgment becomes final. (*In re Estrada* (1965) 63 Cal.2d 740, 744, 748 [48 Cal.Rptr. 172, 408 P.2d 948].) Here, the Legislature did not declare this amendment would only apply prospectively.

Nonetheless, defendant's arguments are without merit. The prosecution charged defendant with only the great bodily injury enhancement contained in section 12022.7. Furthermore, both former subdivision (e) of section 1170.1 and the statute's current subdivision (g) must be construed in light of section 12022.7. The latter statute expressly authorizes imposing an enhancement where a defendant "inflicts great bodily injury on any person" when committing or attempting to commit a felony. (§ 12022.7, subd. (a).) The trial court imposed three separate section 12022.7 enhancements on defendant because he inflicted great bodily injury on three separate persons.

## DISPOSITION

The sentence enhancements imposed pursuant to Vehicle Code section 23182 are stayed pending completion of the sentence enhancements imposed pursuant to Penal Code section 12022.7, at which time the stay shall become permanent. As so modified, the judgment is affirmed.

Crosby, Acting P. J., and Wallin, J.,* concurred.

A petition for a rehearing was denied December 7, 1999, and appellant's petition for review by the Supreme Court was denied February 23, 2000.

---

*Retired Associate Justice of the Court of Appeal, Fourth District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.