Filed 11/12/25

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>DENIS PERERIA DEMACEDO,<br><br>     Defendant and Appellant. | A170580<br><br>(San Mateo County<br>Super. Ct. No. SC079923A) |

Denis Pereria Demacedo was convicted of numerous offenses related to a drunk driving accident that killed three individuals and injured another, Sarah S., who survived.[1] Among the convictions, the jury found Demacedo guilty of three counts of gross vehicular manslaughter while intoxicated (Pen. Code, § 191.5, subd. (a)) corresponding to each of the three decedents, as well as felony violations of Vehicle Code section 23153, subdivisions (a) and (b) for driving under the influence of alcohol and with an elevated blood alcohol level and causing injury to Sarah (DUI causing injury).

Demacedo asserts the DUI causing injury counts must be dismissed as lesser included offenses of the vehicular manslaughter while intoxicated convictions. We disagree as a violation of Vehicle Code section 23153 is not a

---

[1] To protect the surviving victim's privacy interests, we refer to her by first name and last initial, and thereafter by first name only. No disrespect is intended. (Cal. Rules of Court, rule 8.90(b)(4).)

lesser included offense of Penal Code section 191.5, subdivision (a) when the offenses involve different victims.

Demacedo also raises a challenge to the court's imposition of fines and fees. We remand for the trial court to delineate the fines and fees imposed upon resentencing, but otherwise affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

The below summary is based in part on this court's opinion in Demacedo's direct appeal (*People v. Demacedo* (Mar. 16, 2018, A144919) [nonpub. opn.]) as the relevant facts and procedural history are not in dispute.

While driving under the influence of alcohol, Demacedo crashed his car into another vehicle containing four individuals. Three of the victims were pronounced dead at the scene. The fourth victim, Sarah, was severely injured but survived. Demacedo had a blood alcohol content (BAC) of at least .18 percent, more than double the legal limit.

Demacedo was charged by information with 10 felonies: three counts of second degree murder (Pen. Code, § 187, subd. (a); counts 1, 2, & 3), three counts of gross vehicular manslaughter while intoxicated (Pen. Code, § 191.5, subd. (a); counts 4, 5, & 6), driving under the influence of alcohol and causing injury to Sarah (Veh. Code, § 23153, subd. (a); count 7), driving with a BAC of 0.08 percent or more and causing injury to Sarah (Veh. Code, § 23153, subd. (b); count 8), and two counts of perjury (Pen. Code, § 118; counts 9 & 10).

Demacedo pled no contest to the perjury charges. After proceeding to trial on the remaining charges, the jury found him guilty on all counts. At issue in this case are the vehicular manslaughter offenses (counts 4, 5, and 6) and the DUI causing injury offenses (counts 7 and 8).

2

At his original sentencing in 2014, Demacedo was sentenced to an aggregate term of 47 years and two months to life in prison. In 2018, on direct appeal, this court directed the preparation of an amended abstract of judgment reflecting sentencing corrections, but otherwise affirmed the judgment. (*People v. Demacedo*, *supra*, A144919.)

On April 10, 2024, after remittitur and upon resentencing, the trial court sentenced Demacedo to an aggregate term of 47 years to life in prison. Demacedo appealed.

## DISCUSSION

Demacedo raises two issues on appeal. First, he asserts his DUI causing injury convictions must be dismissed as they are lesser included offenses of the gross vehicular manslaughter while intoxicated convictions. Second, he contends remand is required for the trial court to specify the fines and fees imposed upon resentencing.

## I. DUI Causing Injury Is Not a Lesser Included Offense of Gross Vehicular Manslaughter While Intoxicated When the Victims Are Different

Demacedo argues DUI causing injury under Vehicle Code section 23153, subdivision (a) or (b) is a lesser included offense of gross vehicular manslaughter while intoxicated under Penal Code section 191.5, subdivision (a)—even where, as here, the victims of the offenses are different. We review this issue de novo. (*People v. Braslaw* (2015) 233 Cal.App.4th 1239, 1247.)

In California, a defendant may generally be convicted of, but not punished for, multiple charges arising from a single act or course of conduct. (*People v. Reed* (2006) 38 Cal.4th 1224, 1226 (*Reed*); Pen. Code, § 954.) However, "[a] judicially created exception to the general rule permitting

3

multiple conviction 'prohibits multiple convictions based on necessarily included offenses.[2]' " (*Reed*, at p. 1227.)

"When a defendant is found guilty of both a greater and a necessarily lesser included offense arising out of the same act or course of conduct, and the evidence supports the verdict on the greater offense, that conviction is controlling, and the conviction of the lesser offense must be reversed. [Citations.] If neither offense is necessarily included in the other, the defendant may be convicted of both, 'even though under [Penal Code] section 654 he or she could not be punished for more than one offense arising from the single act or indivisible course of conduct.' " (*People v. Sanders* (2012) 55 Cal.4th 731, 736.)

When deciding whether multiple conviction of charged offenses is proper, we apply what is known as the elements test. (*Reed*, *supra*, 38 Cal.4th at pp. 1227, 1229.) " 'Under the elements test, if the statutory elements of the greater offense include all of the statutory elements of the lesser offense, the latter is necessarily included in the former.' [Citation.] In other words, ' "[i]f a crime cannot be committed without also necessarily committing a lesser offense, the latter is a lesser included offense within the former." ' " (*People v. Sanders*, *supra*, 55 Cal.4th at p. 737.)

Gross vehicular manslaughter while intoxicated is defined in Penal Code section 191.5, subdivision (a) as "the unlawful killing of a human being without malice aforethought, in the driving of a vehicle, where the driving was in violation of Section 23140, 23152, or 23153 of the Vehicle Code, and

[2] Courts use the terms " 'necessarily included offense' " and " 'lesser included offense' " interchangeably when determining whether this exception prohibiting multiple convictions applies. (*People v. Sloan* (2007) 42 Cal.4th 110, 115, fn. 2.)

4

the killing was either the proximate result of the commission of an unlawful act, not amounting to a felony, and with gross negligence, or the proximate result of the commission of a lawful act that might produce death, in an unlawful manner, and with gross negligence." Hence, "a violation of Vehicle Code section 23153 constitutes one way that gross vehicular manslaughter while intoxicated may be committed." (*People v. Machuca* (2020) 49 Cal.App.5th 393, 399 (*Machuca*).)

Vehicle Code section 23153, in turn, "provides that the offense of driving under the influence and causing bodily injury to another person may be committed in various ways, including driving under the influence of any alcoholic beverage (*id.*, subd. (a)), driving with a [BAC] of 0.08 percent or more (*id.*, subd. (b)), or driving a commercial vehicle with a [BAC] of 0.04 percent or more (*id.*, subd. (d))." (*Machuca, supra,* 49 Cal.App.5th at p. 399.)

The case before us presents the question of whether a conviction for DUI causing injury is a lesser included offense of gross vehicular manslaughter while intoxicated in the specific instance when, as here, the convictions are predicated on *different* victims. The answer is no.[3]

We agree with the analysis set forth by our colleagues in the Fifth District Court of Appeal in *Machuca, supra,* 49 Cal.App.5th 393. In that case, the defendant was convicted of gross vehicular manslaughter while intoxicated (Pen. Code, § 191.5, subd. (a)) as to a decedent victim of a drunk driving accident, as well as two counts of DUI causing injury (Veh. Code,

---

[3] Thus, we do not reach the parties' contentions as to whether DUI causing injury is a lesser included offense of vehicular manslaughter while intoxicated when both convictions are predicated on *a single victim*, as other courts have concluded when presented with that distinct circumstance. (See, e.g., *People v. Meno* (2024) 102 Cal.App.5th 943, 953, review granted, Sept. 11, 2024, S286092; *People v. Binkerd* (2007) 155 Cal.App.4th 1143, 1150; *People v. Miranda* (1994) 21 Cal.App.4th 1464, 1468.)

5

§ 23153, subds. (a) & (b)) as to a second victim who survived the collision. (*Machuca*, at p. 397.) Because the DUI causing injury counts arose from injuries to a different victim from the gross vehicular manslaughter count, the court rejected Machuca's contention that the DUI causing injury counts must be dismissed as lesser included offenses. (*Id.* at pp. 398–399.) It reasoned that, in contrast to cases where DUI causing injury was deemed a lesser included offense of vehicular manslaughter while intoxicated because they were predicated on the injury and death of a *single* victim, Machuca could have killed the decedent victim in violation of Penal Code section 191.5, subdivision (a) without injuring the surviving victim in violation of Vehicle Code section 23153. (*Machuca*, at pp. 400–401.)

*Machuca* found support for its holding in the California Supreme Court's decision in *People v. McFarland* (1989) 47 Cal.3d 798 (*McFarland*). (*Machuca, supra*, 49 Cal.App.5th at pp. 401–402.) In *McFarland*, the Court concluded that Penal Code section 654 did not prohibit multiple *punishment* when a single drunk driving incident results in convictions for vehicular manslaughter against a decedent victim and a violation of Vehicle Code section 23153 as to a separate victim. (*McFarland*, at pp. 803–804.)

While acknowledging our Supreme Court did not expressly address the multiple conviction issue, *Machuca* reasoned *McFarland* logically leads to the conclusion that DUI causing injury is not a lesser included offense of vehicular manslaughter while intoxicated when they involve different victims: "[I]f Vehicle Code section 23153 constituted a lesser included offense of vehicular manslaughter in a multiple victim case, the proper result in *McFarland* would have been reversal of the Vehicle Code section 23153 conviction, rather than upholding the defendant's sentence on that count." (*Machuca, supra*, 49 Cal.App.5th at p. 402.) As *McFarland* upheld the

6

defendant's Vehicle Code section 23153 sentence, and "a defendant cannot be properly sentenced on a count for which he was not properly convicted," *McFarland* "necessarily suggests" a defendant may properly be convicted under both Penal Code section 191.5, subdivision (a) and Vehicle Code section 23153 when the victims of the offenses are different. (*Machuca*, at p. 402.) To hold otherwise "would have the effect of abrogating our Supreme Court's holding in *McFarland*, a power which we do not possess." (*Machuca*, at p. 402.)

We agree and likewise find that Vehicle Code section 23153 is not a lesser included offense of Penal Code section 191.5, subdivision (a) when the offenses involve different victims.

We are not otherwise persuaded by Demacedo's reliance on *People v. Givan* (2015) 233 Cal.App.4th 335 (*Givan*), a pre-*Machuca* decision also by the Fifth District Court of Appeal concluding DUI causing injury *was* a lesser included offense of vehicular manslaughter while intoxicated despite the accident involving multiple victims.

In *Givan*, the question was not substantively analyzed as the People had conceded the issue. (*Machuca*, *supra*, 49 Cal.App.5th at p. 403, citing *Givan*, *supra*, 233 Cal.App.5th at p. 351.) Further, although the drunk driving incident in *Givan* caused one death and left two victims injured, it is unclear whether the DUI causing injury and the gross vehicular manslaughter while intoxicated convictions were premised on a singular decedent victim. (*Givan*, at pp. 338–339.) Given this ambiguity and the absence of any substantive analysis, we do not find *Givan* persuasive on the question before us.

We are also unpersuaded by Demacedo's reliance on *Wilkoff v. Superior Court* (1985) 38 Cal.3d 345 (*Wilkoff*) for the proposition that DUI causing

7

injury "is a single unitary offense" that is "necessarily included in vehicular manslaughter where one victim dies and one victim is injured, because the violation of [Penal Code] section 191.5 cannot occur without a single violation of Vehicle Code section 23153" regardless of how many individuals are injured.

In *Wilkoff*, a drunk driving accident led to the death of one person and injured five others. (*Wilkoff*, *supra*, 38 Cal.3d at pp. 347–348.) The defendant was charged with one count of vehicular manslaughter related to the decedent, as well as six counts of Vehicle Code section 23153, subdivisions (a) and (b), relating to the five surviving victims and the decedent. (*Wilkoff*, at p. 348.) The California Supreme Court held that, because the actus reus of the offense is defined in terms of an act of driving (rather than an act of violence against a person, like vehicular manslaughter), "one instance of drunk driving is chargeable as only one count of felony drunk driving (i.e., one count of [Veh. Code,] § 23153, subd. (a) and one count of subd. (b)) even if more than one person is injured thereby." (*Wilkoff*, at pp. 349, 352.) The Court therefore ordered the trial court to set aside all the DUI charges, except for one count of Vehicle Code section 23153, subdivision (a) and one count of Vehicle Code section 23153, subdivision (b). (*Wilkoff*, at pp. 353–354.)

Contrary to Demacedo's assertion, we do not read *Wilkoff* to mean that a person may never be convicted of both vehicular manslaughter and DUI causing injury even if those offenses are predicated on different victims. As the Court explained in *McFarland*, its holding in *Wilkoff* "was premised upon the apparent legislative intent that only one violation of Vehicle Code section 23[15]3, subdivision (a) was contemplated regardless of the number of persons injured," but the Court could "discern no such legislative intent when

8

a drunk driver kills one individual and injures another." (*McFarland*, *supra*, 47 Cal.3d at p. 804.) Hence, as *McFarland* indicates, *Wilkoff* does not apply to the latter situation, and we see no reason to question the California Supreme Court's interpretation of its own decision. And we note our holding aligns with *Wilkoff*'s instruction to the trial court to set aside the duplicative Vehicle Code section 23153 charges while leaving intact the vehicular manslaughter count premised on the decedent victim.

In sum, a violation of Vehicle Code section 23153 is not a lesser included offense of Penal Code section 191.5, subdivision (a) when the offenses are premised on different victims. As that is the case here, Demacedo's contention that his DUI causing injury convictions must be dismissed is unavailing.

## II. Remand for Specification of the Fines and Fees is Warranted

At Demacedo's resentencing hearing, the trial court ordered him to "pay fines and assessments which total $2,805," but failed to specify how those fines and fees are delineated. The sentencing minute order and the amended abstract of judgment both list the total amount of $2,805 but do not itemize the fines and fees imposed.

We agree with the parties that this was error and remand is appropriate for the trial court to correct the abstract of judgment to specify the amount and statutory basis for each fine, fee, and assessment that was imposed. (*People v. High* (2004) 119 Cal.App.4th 1192, 1200; *People v. Hamed* (2013) 221 Cal.App.4th 928, 939–940; *People v. Hartley* (2016) 248 Cal.App.4th 620, 636–637.)

### DISPOSITION

This matter is remanded with directions for the trial court to set forth all fines, fees, and assessments, specifying the amount and statutory basis for

9

each.  The trial court is directed to prepare an amended abstract of judgment reflecting these modifications and to forward a certified copy of the amended abstract to the Department of Corrections and Rehabilitation.  As so modified, the judgment is affirmed.

PETROU, J.


WE CONCUR:


FUJISAKI, Acting P. J.

RODRÍGUEZ, J.


A170580 / *People v. Demacedo*

Trial Court: San Mateo County Superior Court

Trial Judge: Hon. Susan Greenberg

Counsel:

Cynthia M. Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Jeffrey M. Laurence, Senior Assistant Attorney General, Amit Kurlekar and Andrew Haney, Deputy Attorneys General, for Plaintiff and Respondent.